UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AUSTIN POWDER COMPANY, | : | 3:07-cv-730 |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| NO. 1 CONTRACTING | : | Hon. John E. Jones III |
| CORPORATION and DICKINSON | : | |
| DEVELOPMENT PARTNERSHIP | : | |
|     Defendants. | : | |

## MEMORANDUM AND ORDER

### March 24, 2011

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS;**

Pending before the Court is an Amended Motion to Dismiss ("Motion") filed by Defendant Dickinson Development Partnership ("Defendant Dickinson"). (Doc. 8). For the reasons that follow, we will grant the Motion.

**I.**    **PROCEDURAL HISTORY**

The plaintiff, Austin Powder Company ("Plaintiff"), initiated the instant action by filing a complaint in the United States District Court for the Middle District of Pennsylvania on April 19, 2007. (Doc. 1). Defendant Dickinson filed an initial Motion to Dismiss on June 29, 2007 (Doc. 6) and filed the instant Amended Motion to Dismiss on July 2, 2007. (Doc. 8). The motion has been fully briefed by the parties and is therefore ripe for disposition.

## II.     STANDARD OF REVIEW

In considering a motion to dismiss pursuant to Rule 12(b)(6), courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider only the allegations in the complaint, as well as "documents that are attached to or submitted with the complaint, . . . and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hamption Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a). Rule 8(a)(2) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief, "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, it must

contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* ---U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level . . . ." *Victaulic Co. v. Tieman*, 499 F.3d 227, 235 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). Accordingly, to satisfy the plausibility standard, the complaint must indicate that defendant's liability is more than "a sheer possibility." *Iqbal*, 120 S.Ct. at 1949. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Under the two-pronged approach articulated in *Twombly* and later formalized in *Iqbal*, a district court must first identify all factual allegations that constitute nothing more than "legal conclusions" or "naked assertions." *Twombly*, 550 U.S. at 555, 557. Such allegations are "not entitled to the assumption of truth" and must be disregarded for purposes of resolving a 12(b)(6) motion to dismiss. *Iqbal*, 129 S.Ct. at 1950. Next, the district court must identify "the 'nub' of the . . . complaint–the well-pleaded, nonconclusory factual allegation[s]." *Id.* Taking these allegations as true, the district judge must then determine whether the complaint states a plausible claim for relief. *See id.*

However, "a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Phillips*, 515 F.3d at 231 (citing *Twombly*, 127 S. Ct. 1964-65, 1969 n.8). Rule 8 "does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id.* at 234.

### III. FACTUAL ALLEGATIONS

Plaintiff's complaint consists of two counts. Count I is a breach of contract claim against Defendant No. 1 Contracting Corporation ("Defendant No. 1 Contracting") and Count II is an unjust enrichment claim against Defendant Dickinson. The pending motion seeks to exclude only Count II.

Defendant Dickinson is a Pennsylvania limited partnership that owned The Shoppes at Montage in Lakawanna County, Pennsylvania. (Doc. 1 ¶¶ 3, 11). Plaintiff is an Ohio corporation hired by Defendant No. 1 Contracting to perform blasting services at various projects located in Pennsylvania including The Shoppes at Montage. (*Id.* ¶¶ 1,6, 11). Although not specifically stated in the complaint, the

circumstances suggest that Defendant Dickinson hired Defendant No. 1 Contracting as the general contractor for the project, and Defendant No. 1 Contracting hired Plaintiff as a subcontractor for the limited purpose of performing blasting services. (*See id.* ¶¶ 8, 12). Plaintiff concedes that it does not have a direct contractual relationship with Defendant Dickinson. (Doc. 10 at 6).

Plaintiff performed the blasting services between January 5, 2005 and August 11, 2008. (Doc. 1 ¶ 6). Plaintiff alleges that Defendant No. 1 Contracting owes Plaintiff an outstanding balance of $331,643.35 of which $247,963.21 is attributable to the services performed for The Shoppes at Montage. (*Id.* ¶¶ 8,18). Plaintiff further alleges that Defendant Dickinson withheld payments to Defendant No. 1 Contracting for Plaintiff's services and subsequently sold the property to another company. (*Id.* ¶¶ 12, 13). Plaintiff contends that by performing blasting services, Plaintiff conferred a benefit upon Defendant Dickinson which was unjustly accepted and retained when Defendant Dickinson transferred the property without payment for the services performed. (*Id.* ¶¶ 14-17).

## IV.  DISCUSSION

Where one party unjustly accepts and retains a benefit at the expense of another, the party receiving the benefit is required to make restitution to the other. *Meehan v. Cheltenham Twp.*, 189 A.2d 593, 595 (Pa. 1963). To state a cause of

action for unjust enrichment, Plaintiff must allege: (1) plaintiff conferred a benefit upon defendant, (2) defendant appreciated such benefits, and (3) defendant accepted and retained such benefits under circumstances in which it would be inequitable for defendant to retain the benefit without payment of value. *E.g.*, *Ne. Fence & Iron Works, Inc. v. Murphy Quigley Co.*, 933 A.2d 664, 669 (Pa. Super. Ct. 2007) (quoting *Lackner v. Glosser*, 892 A.2d 21, 34 (Pa. Super. Ct. 2006)). The most critical inquiry is whether the enrichment is unjust, and the doctrine does not apply in all cases simply because the defendant benefitted as a result of the uncompensated actions of the plaintiff. *Id.* In the context of the relationship between a subcontractor and a third party, the Pennsylvania Supreme Court stated:

> In sum, this court has held that in a case where a subcontractor has provided services and chattels to an owner who had no contractual relationship to the subcontractor, (1) any benefit conferred must, for purposes of recovery on an unjust enrichment theory, be measured by the value of the benefit to the owner, not by the value of the invoice submitted by the subcontractor; and (2) the owner's retention of the benefit without paying any compensation to the subcontractor would not be unjust if the owner did not contract directly with or mislead the subcontractor.

*D.A. Hill Co. v. CleveTrust Realty Investors*, 573 A.2d 1005, 1009 (Pa. 1990).

Defendant Dickinson contends that the complaint fails both prongs of this unjust enrichment test. (Doc. 7 at 5). First, the claim for damages in the amount of $247,963.21 represents the value of the invoice Plaintiff submitted to the general

contractor and not the value of the benefit conferred upon Defendant Dickinson. (*Id.* at 6). Second, any such benefit is not unjust because Defendant Dickinson did not contract with or mislead the Plaintiff at any time. (*Id.*). Plaintiff relies on *Gee v. Eberle*, 420 A.2d 1050, 1062 (Pa. Super. Ct. 1980), for the proposition that evidence of a resale of the property may be relevant to show the value of the subcontractor's work. (Doc. 10 at 8). Furthermore, Plaintiff distinguishes *D.A. Hill* and similar cases requiring direct or misleading contact on the basis that Defendant Dickinson was both the property owner and a general contractor.[1] (*Id.* at 7). We agree with Defendant Dickinson and find the complaint deficient on both issues.

With respect to the value of the benefit conferred, Plaintiff merely claims damages equal to the value of the invoices submitted to Defendant No. 1 Contracting. Paragraph fourteen of the complaint claims that Defendant Dickinson received a benefit from the blasting services, but it does not contain an allegation specifying the value of that benefit. Although it may be possible that the value of the services and the value of the benefit are equivalent,[2] Plaintiff has failed to allege

---

[1] We note that Plaintiff does not allege in the complaint that Defendant Dickinson was a general contractor for The Shoppes at Montage project. The circumstances further suggest that Defendant No. 1 Contracting, not Defendant Dickinson, was the general contractor. However, because Defendant Dickinson is a third party to the contract between Plaintiff and Defendant No. 1 Contracting, its identity as an owner or general contractor is irrelevant to the issue of unjust enrichment. We will therefore address Plaintiff's argument directly.

[2] *See Ne. Fence & Iron Works* 933 A.2d at 671 (rejecting defendant's claim that invoices representing the value of the services performed could never establish the value of the benefit

specific facts raising its right to relief above the speculative level. *See Victaulic Co. v. Tieman*, 499 F.3d 227, 235 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555) (noting that to survive a motion to dismiss, a civil plaintiff must allege facts that "raise a right to relief above the speculative level. . . .").

Assuming *arguendo* that Plaintiff did confer a benefit upon Defendant, we find that retention of such benefit in these circumstances would not be unjust. Pennsylvania law is clear that an uncompensated benefit is not unjustly retained absent any direct contract or misleading conduct by the party receiving the benefit. *D.A. Hill*, 573 A.2d at 1009; *Goldsmith Assoc., Inc. v. Del Frisco's Rest. Grp., L.L.C.*, No. 09-1359, 2009 WL 3172752, at *3-4 (E.D. Pa Oct. 1, 2009) (finding *Gee v. Eberle* implicitly overruled to the extent it may be read to require less than direct or misleading contact). Here, the complaint does not contain any allegation of direct or misleading contacts. Plaintiff's attempt to distinguish the above-mentioned cases on the basis of Defendant's status as both a general contractor and the property owner is without legal consequence. The holding in *D.A. Hill* requiring direct or misleading contact is not limited to property owners, and Pennsylvania law does not distinguish between types of third parties for the purposes of establishing unjust enrichment. *Goldsmith Associates*, 2009 WL 3172752, at *3. Therefore, we

---

conferred).

find that Plaintiff has failed in its initial pleading to allege facts suggesting any misleading conduct by the Defendant, and any allegation that Defendant unjustly retained the blasting services is merely a "legal conclusion" or "naked assertion" that must be disregarded under *Twombly*. *See* 550 U.S. at 555, 557. Yet, despite Plaintiff's failure to adequately plead the requisite elements of an unjust enrichment claim, namely the value of the benefit to Defendant Dickinson and a direct contract with or misleading conduct by Defendant Dickinson toward Plaintiff, we find it appropriate to grant Plaintiff leave to amend in order to more sufficiently plead an unjust enrichment claim.

## V. CONCLUSION

Thus, because Plaintiff failed to allege sufficient facts establishing the value of the benefit conferred and the injustice of retaining any benefit, we find that Plaintiff has failed in its initial pleading to state a claim upon which relief may be granted. Defendant Dickinson's motion shall be granted, and Count II of the complaint shall be dismissed. However, Plaintiff shall be granted leave to amend its unjust enrichment claim in Count II. An appropriate order shall issue.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Amended Motion to Dismiss (Doc. 8) is **GRANTED**.

2. Count II of the complaint (Doc. 1) is **DISMISSED**.

3. The Plaintiff is **GRANTED** leave to file a Second Amended Complaint within ten (10) days of the date of this Order to more adequately plead an unjust enrichment claim in Count II.

s/ John E. Jones III  
John E. Jones III  
United States District Judge